# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COWAN SYSTEMS, L.L.C. | * | |
| | * | |
| v. | * | Case No. WDQ-11-CV-0367 |
| | * | |
| CHOCTAW TRANSPORT, INC. | * | |
| | * | |
| | ****** | |

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of plaintiff's Motion for Default Judgment (Paper No. 10) and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. (Paper No. 11). For the reasons discussed herein, I respectfully recommend that plaintiff's motion (Paper No. 10) be GRANTED in part and DENIED in part and that damages be awarded as set forth herein.

## I. BACKGROUND

Plaintiff Cowan Systems, L.L.C. ("Cowan" or "Plaintiff") filed a Complaint in this court on February 10, 2011, alleging that defendant Choctaw Transport, Inc. ("Choctaw" or "Defendant") breached its contract with Cowan and violated the Carmack Amendment, 49 U.S.C. § 14706, by failing to deliver the shipment of cargo Choctaw had agreed to transport from Connecticut to Georgia. (Paper No. 1). Specifically, Plaintiff alleges that "the subject load was lost, stolen, or caused to have gone missing while in Choctaw's care." Compl. ¶ 18.

Choctaw was served with the Summons and Complaint on March 7, 2011 (Paper No. 4). After Choctaw failed to file an Answer or otherwise defend, Plaintiff filed a Motion for Entry of Default (Paper No. 9) on June 27, 2011, which the clerk granted on June 29, 2011 (Paper No. 12). Plaintiff also filed a Motion for Default Judgment (Paper No. 10) on June 27, 2011. On

June 29, 2011, Judge Quarles referred Plaintiff's motion to the undersigned for review and recommendations.

## II STANDARD FOR ENTRY OF DEFAULT JUDGMENT

In reviewing Plaintiff's Motion for Entry of a Default Judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. Id.; see also 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court determines that liability is established, the court must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The court can also make a determination of damages without a hearing so long as there is an adequate evidentiary basis in the record for an award. See, e.g., Adkins v. Teseo, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum).

In sum, (1) the court must determine whether the unchallenged facts in Plaintiff's Complaint constitute a legitimate cause of action, and, if they do, (2) the court must make an independent determination regarding the appropriate amount of damages.

## II. DISCUSSION

### a. Choctaw's Liability for Breach of Contract

Cowan and Choctaw entered a Broker-Motor Carrier Agreement ("the Contract") on or about January 13, 2010. Compl. ¶ 8. That Contract is attached to Cowan's Complaint as Exhibit 1. Under the Contract, Choctaw ("Carrier") agreed to provide interstate transportation services to customers of Cowan ("Broker").[1] Compl. ¶ 9. The Contract provides, "Carrier shall provide all services and equipment necessary to competently and lawfully transport interstate shipments arranged by Broker pursuant to carrier load confirmation sheet(s)." Contract ¶ 2; Compl. ¶ 12. The Contract further stipulates that Choctaw will defend, indemnify, and hold harmless Cowan from any claims arising from loss to cargo or other property due to Choctaw's failure to perform any of the services required under the Contract. Contract ¶ 6; Compl. ¶¶ 13-15.

Under Maryland law, the elements of a breach of contract claim are 1) a contractual obligation and 2) a material breach of that obligation. See Taylor v. NationsBank, N.A., 365 Md. 166, 776 A.2d 645, 651 (2001). Cowan has alleged a contractual obligation and has attached a copy of the Contract as an exhibit to the Complaint. Cowan has further alleged that Choctaw materially breached its contractual obligations by failing to transport the shipment as directed, Complaint ¶ 18, and by failing to defend and indemnify Cowan from the claim made by Cowan's customer, Glencore Ltd., after the loss of the shipment in question. Complaint ¶ 20, 25.

---

[1] The Contract is also attached to Plaintiff's Motion for Default Judgment, Exhibit A (Herman Eugene Funk Jr. Affidavit), as Exhibit 1 to the Affidavit. That affidavit will be described herein as "Funk Aff."

3

Those unchallenged facts constitute a legitimate cause of action for breach of contract against Choctaw.

### b. Choctaw's Liability for Violation of the Carmack Amendment

Cowan also asserts a claim under the Carmack Amendment. However, Cowan has not alleged facts establishing its standing under the Carmack Amendment, because the relevant statute, 49 U.S.C. § 14706(a)(1), provides that a carrier is "liable to the person entitled to recover under the receipt or bill of lading." The bill of lading, which is not attached to the Complaint, lists Glencore Ltd. as the shipper.[2] The words "Cowan Transportation" appear on the bill of lading, but Cowan is not identified as a party entitled to recover for any loss. While the Complaint alleges that Cowan, as the broker, reimbursed Glencore Ltd. for its loss, it does not allege that Cowan had any rights under the bill of lading, that Glencore Ltd. assigned its rights under the bill of lading to Cowan, or that any type of subrogation is applicable. Because Cowan's claims against Choctaw are adequately addressed by its breach of contract claim, and for the reasons described above, I recommend that default judgment as to the Carmack Amendment claim be denied for lack of standing.

### C. Calculation of damages

Cowan requests several categories of damages: actual damages in the amount of $142,284.67, costs and attorney's fees in the amount of $3,714.28, pre-judgment interest, and post-judgment interest. Cowan's entitlement to each type of damages is addressed below:

### 1. Amount of Loss

The Contract provides, "If Carrier violates this Agreement in such a manner as to fail to complete transportation of any shipment . . . or otherwise subjects Broker to potential liabilities,

---

[2] The bill of lading is attached to the Motion for Entry of Default Judgment, Attachment A (Funk Affidavit) as Exhibit 3.

Carrier . . .agrees to reimburse Broker for any cost and expenses arising out of the completion of any such Shipment, and to pay Broker any damages for which Broker may be liable to Customer arising out of such violation of contract by Carrier, including reasonable attorneys' fees." Contract ¶ 2. The Contract further states, "Carrier agrees to defend, indemnify and hold harmless Broker . . . from and against any and all claims, actions, and demands of any nature or kind, on account of . . . damage to or loss of cargo or other property, caused by, or alleged to have been caused by, or resulting in any manner from any acts or omissions, negligent or otherwise, of Carrier, its agents or employees." ¶ 9.

On October 21, 2010, Cowan presented a subrogation claim to Choctaw for $142,284.67. Funk Aff. Exh. 6. On October 27, 2010, Glencore Ltd. sent an invoice to Cowan for $142,284.67, representing the market value plus a premium for the lost load of copper cathodes, in addition to the freight charges that Glencore Ltd. paid to Cowan/Choctaw. Funk Aff. Exh. 5. In response, Cowan paid Glencore Ltd. the requested $142,284.67 for the loss. Funk Aff. ¶ 18; Compl. ¶ 22. Cowan made repeated requests to Choctaw for payment, but has not received any payment. Funk Aff. ¶ 21; Compl. ¶ 25. Because Choctaw, by the Contract's terms, had an obligation to indemnify Cowan for all claims relating to loss of a shipment, it is liable for the $142,284.67 paid to Glencore Ltd. by Cowan. I therefore recommend an award of actual damages in the amount of $142,284.67.

### 2. Attorney's Fees

The Contract provides that, "In the event Broker engages legal counsel to enforce any of its rights pursuant to this agreement, Carrier agrees to reimburse Broker for all such attorney fees and costs." Contract at ¶ 9. Cowan has submitted invoices showing that it has incurred attorney fees of $3,714.28 to date, "broken down as 10.3 hours by a principal, 5.2 hours by an associate;

and 6.1 hours for a paralegal." Motion for Entry of Default, Attachment B, (Colin Bell Affidavit "Bell Aff.") at ¶ 12. Those hours and fees appear reasonable based on prevailing market rates and the nature and the procedural posture of the litigation. As a result, I recommend awarding $3,714.28 in attorney fees to Cowan based on the terms of the Contract.

3. **Costs**

Cowan seeks costs in the amount of $423.28 for filing fees, postage, and photocopies. Bell Aff. ¶ 12. Not only is Cowan contractually entitled to payment of its costs, but the Federal Rules of Civil Procedure provide that "[u]nless a federal statute ... provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). That rule applies in diversity cases. See Glassman Constr. Co. v. Md. City Plaza, Inc., 371 F.Supp. 1154, 1162 (D. Md. 1974) ("In diversity actions the principles as to the allowance of costs deal with procedural matters and state law in and of itself is not controlling."). Thus, I recommend that Cowan be awarded its costs of bringing this lawsuit in the amount of $423.28.

4. **Prejudgment Interest**

In a diversity case, prejudgment interest is a matter of state substantive law. See Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999). "Under Maryland law, a trial judge may, within its discretion 'award prejudgment interest to place the injured party in a breach of contract case in the same position [it] would have occupied had the defendant not broken its promise.'" Hirsch-Chemie Ltd. v. Johns Hopkins Univ., 61 F.3d 900, 1995 WL 424929 at *10 (4th Cir. July 20, 1995) (quoting Knowles v. Mutual Life Ins. Co. of New York, 788 F.2d 1038, 1041 (4th Cir. 1986)). In this case, the amount due is a "fixed and definite sum," specifically the exact amount Cowan paid to Glencore Ltd. Bituminous Const., Inc. v. Rucker Enterprises, Inc., 816 F.2d 965, 969 (4th Cir. 1987). Cowan made repeated requests to Choctaw

for payment of the claim, to no avail. As a result, I recommend that Cowan be awarded prejudgment interest from the date Cowan incurred the loss by paying $142,284.67 to Glencore Ltd., to the date judgment is entered in Cowan's favor.

**5. Postjudgment Interest**

"Federal law, rather than state law, governs the calculation of postjudgment interest in diversity cases." Hitachi Credit Am. Corp., 166 F.3d at 633. "In contrast to the district court's discretion in the awarding of prejudgment interest, federal law mandates the awarding of postjudgment interest." Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017, 1031 (4th Cir. 1993); see also 28 U.S.C. § 1961. The Supreme Court has stated that "the purpose of postjudgment interest is to compensate the successful [party] for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the [opposing party]." Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835 (1990). Furthermore, "awarding post-judgment interest on the entire amount the court awarded ... including prejudgment interest, most closely comports with the purpose of postjudgment interest articulated by the Supreme Court." Quesinberry, 987 F.2d at 1031. I therefore recommend that Plaintiff be awarded postjudgment interest on the entire amount at the statutory rate set forth in 28 U.S.C. § 1961.

**Conclusion**

For the reasons set forth above, I recommend that:

1. The court GRANT Plaintiff's Motion for Default Judgment (Paper No. 10); and
2. The court award plaintiff $142,284.67 in damages, plus prejudgment interest on that sum, and $3,714.28 in attorney fees and $423.28 in costs, plus postjudgment interest on the entire amount.

I also direct the Clerk to mail a copy of this Report and Recommendation to defendants Choctaw Transport, Inc. at the address listed in Plaintiff's Motion for Entry of Default (Paper No. 9).

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated:  July 14, 2011                                                        /s/
                                                                Stephanie A. Gallagher
                                                                United States Magistrate Judge